```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

ESTHER BENOIT,

                Plaintiff,
                                              ORDER

        - against -                    CV 2012-2782 (RRM)(MDG)


UNITED STATES OF AMERICA and ANTHONY
BATISTE,

                Defendants.

- - - - - - - - - - - - - - - - - - X
```

Defendant Anthony Batiste in this Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. action arising out of a May 9, 2011 car accident moves for leave to file an amended cross-complaint to add claims against the United States for personal injuries.[1] See ct. doc. 17.

---

[1] As a preliminary matter, I note that I have the authority to decide Batiste's motion to amend pursuant to 28 U.S.C. § 636(b)(1)(A). See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); Kilcullen v. New York State Dept. of Transp., 55 Fed. Appx. 583, 584 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); Marsh v. Sheriff of Cayuga County, 36 Fed. Appx. 10 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint"). Thus, Fed. R. Civ. P. 72(a) governs any objections to this order. See Lyondell-Citgo Refining, LP V. Petroleos De Venezuela, S.A., 2005 WL 883485 (S.D.N.Y. 2005) (noting agreement with "the weight of authority in this Circuit
(continued...)

BACKGROUND

On May 9, 2011, plaintiff was a passenger in defendant Batiste's vehicle when it was involved in an accident with a government vehicle. Plaintiff commenced this action on June 4, 2012 alleging claims against the government and Batiste. On September 17, 2012, Batiste filed an Answer and a cross-claim against the United States for property damage. Ct. doc. 8.

At an initial conference held on December 14, 2012, the Court issued a scheduling order setting April 17, 2013 as the deadline to file an application to amend the pleadings and/or join additional parties.

On September 6, 2011, Batiste filed an administrative claim for personal injuries. Ct. doc. 17, Exh. D. The government denied Batiste's administrative claim on August 27, 2012. On January 18, 2013, the parties requested a stay of discovery in anticipation of Batiste bringing a claim against the government in this litigation. See ct. doc. 15. This Court granted a stay until March 15, 2013 as to depositions only and granted Batiste leave to amend his cross-claim until March 15, 2013. See electronic order dated January 18, 2013.

Batiste's attorney for his personal injury claims, who had

---

¹(...continued)
applying a clearly erroneous standard of review to a magistrate's ruling on a party's motion to amend a pleading"); cf. Jean-Laurent v. Wilkerson, 461 Fed. Appx. 18 (2d Cir. 2012) (remanding to district court to conduct de novo review of magistrate judge's denial of leave to amend which effectively dismissed state law claims).

not previously appeared in this action, states that he discovered for the first time on April 18, 2013 that the deadline for leave to amend was set for April 17, 2013.  Batiste's new attorney appeared for a conference held on April 19, 2013 and requested permission to modify the scheduling order to amend Batiste's cross-claim.  The United States opposes Batiste's application on the grounds that he has failed to act with diligence and has not shown good cause for an extension.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court should freely grant leave to amend a pleading when justice so requires.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Andersen News, LLC v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012).  Thus, courts should ordinarily grant leave to amend in the absence of bad faith by the moving party, undue prejudice or futility. Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Delay alone does not justify denial of leave to amend.  See Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008); Rachman Bag Co. v. Liberty Mutual Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).  "The concepts of delay and undue prejudice are interrelated -- the longer the period of unexplained delay, the

less will be required of the non-moving party in terms of showing prejudice." Davidowitz v. Patridge, 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. 2010).  In evaluating whether prejudice would result from amendment, a court considers whether the proposed amendment would: "(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. N.Y. City Dept. of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)).  Ultimately, the decision to grant or deny a request to amend is within the discretion of the district court.  Foman, 371 U.S. at 182; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

A further consideration in determining whether leave to amend should be granted here are the limitations in Rule 16(b). Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).  The more lenient standard under Rule 15(a) must be balanced against Rule 16(b)'s good cause requirement. See Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009); Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).  Although "the primary consideration is whether the moving party can demonstrate diligence[, i]t is not, however, the only consideration." Kassner, 496 F.3d at 244.  "[O]ther relevant factors includ[e],

in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Id.

Finally, "the general policy behind allowing crossclaims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps." 6 Charles Alan Wright et al., Federal Practice & Procedure § 1431, at 267-68 (3d ed. 2010). In determining whether to allow a cross-claim pursuant to Rule 13(g), "courts balance the interests of judicial economy and the general policy of avoiding multiple suits relating to the same events against the possibilities of prejudice or surprise to the other parties and decide the question of timeliness accordingly." Id. at 285.

The United States argues that Batiste has not demonstrated diligence because his new counsel knew about this action since January 2013 and was on notice of the deadline for amendment by virtue of the publicly available docket sheet. The United States further contends that its counsel communicated with new plaintiffs' counsel on April 8, 2013 but counsel did not seek to amend until the conference held on April 19, 2013.

Although the government relies on the March 15, 2013 deadline to argue lack of diligence, the deadline for seeking leave to amend did not expire until April 17, 2013. Batiste had been given leave to file his amended cross-complaint by March 15, 2013 but also had until April 17, 2013 to seek leave to do so.

-5-

Accordingly, Batiste was only two days late in seeking leave to amend. Moreover, deposition discovery was stayed until March 15, 2013, so any delay in the progress of this case is minimal. Batiste states that he has provided initial disclosures, copies of medical records and authorizations to the other parties. Indeed, the government has been on notice of Batiste's potential claim for personal injuries since September 2011 when he filed an administrative claim. Granting Batiste leave to file an amended cross-complaint will not cause prejudice, surprise or delay the proceedings.

On the other hand, Batiste would be severely prejudiced if leave to amend were denied. A claimant is required to bring suit against the United States within 6 months after notification of the denial of an administrative claim. See 28 U.S.C. § 2401(b). Therefore, if Batiste must commence a separate action against the government for personal injuries, the Court would not have subject matter jurisdiction over his claims.[2] Even if not for

---

[2] Section 2675(a) exempts cross-claims from the exhaustion requirement. However, since Batiste's proposed cross-claim is in the nature of a direct claim against the government for personal injuries, arguably, it does not fall within the section 2675(a) exemption. Compare Kodar, LLC v. United States, 879 F. Supp.2d 218, 226-28 (D.R.I. 2012) (granting dismissal of direct FTCA claim for personal injury and property damage that was brought as cross-claim) with Luyster v. Textron, Inc., 266 F.R.D. 54, 64 (S.D.N.Y. 2010) (finding that administrative exhaustion requirement did not apply to cross-claim for indemnification and/or contribution). Because the government has not raised the argument that Batiste's proposed cross-claim would be futile, this Court need not decide whether the 2675(a) exemption applies.

the time bar, it would be a waste of judicial resources to have Batiste's personal injury claim litigated in a separate action.

## CONCLUSION

For the foregoing reasons, Batiste's motion for leave to amend is granted. Batiste must file his amended answer asserting the new cross-claim by May 9, 2013.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 6, 2013

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE